**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KEVIN JOSEPH KELLY, et al.,**<br><br>*Plaintiffs*<br><br>v.<br><br>**REALPAGE, INC. d/b/a On-Site, et al.,**<br><br>*Defendants* | Case No.  2:19-cv-01706-JDW |

## ORDER

AND NOW, this 5th day of August, 2020, upon consideration of Plaintiffs' Motion to File Under Seal (ECF No. 43), the Court notes as follows:

1. The common law presumes that the public has a right of access to judicial materials (*see In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019));

2. To overcome the common law presumption, a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the material is the kind of information that courts will protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure (*see id.*);

3. Under Third Circuit law, a party seeking to file material under seal must make a specific showing, and "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient" (*In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001));

4. Although Plaintiffs filed this Motion, it is Defendants whose confidentiality interests are at stake and who have articulated the basis for their proposed sealing in their Response to the Motion (ECF No. 46);

5. Defendants concede they do not have a confidentiality interest in Exhibit 15 to Plaintiffs' Motion to Certify a Class (ECF No. 44-16);

6. Defendants have not established that they have a sufficient confidentiality interest in Exhibits 5 or 24 (ECF Nos. 44-6 and 44-25) because their general assertion that the information is "non-public" and that its "disclosure could provide competitors with insight into the extent and nature of RP On-Site's business" (ECF No. 46 at 5) is just a broad allegation of harm, without any specific example or articulated reasoning, and the Court's review of the documents does not reveal anything that suggests competitive sensitivity;

7. Defendants have established a sufficient confidentiality interest in Exhibits 1, 2, 3, and 4 (ECF Nos. 44-2 – 44-5) because they have demonstrated that the disclosure of the information could provide competitors with information about Defendants' business practices that the competitors could use to Defendants' detriment;

8. Defendants have not established a sufficient confidentiality interest in Exhibits 19 and 20 (ECF Nos. 44-20 and 44-21) because the contracts at issue are form contracts that do not include pricing, do not reveal the results of negotiations, do not include confidentiality provisions, relate only to a commercial relationship (as opposed to a relationship in which privacy interests are manifest), and do not on their face implicate competitive concerns.

Therefore, for the foregoing reasons, it is **ORDERED** that Plaintiffs' Motion to File Under Seal (ECF No. 43) is **GRANTED IN PART** and **DENIED IN PART**.

It is **FURTHER ORDERED** that Plaintiffs may file under seal Exhibits 1, 2, 3, and 4 to their Motion to Certify the Class (ECF Nos. 44-2 – 44-5). Plaintiffs shall file revised versions of those Exhibits on the public docket, with the pages and lines referenced at pp. 3 and 4 of Defendants' Response to this Motion (ECF No. 46) redacted from the public record.

It is **FURTHER ORDERED** that Plaintiffs shall supply to the Clerk of Court unredacted versions of Exhibits 5, 15, 19, 20, and 24 (ECF Nos. 44-6, 44-16, 44-20, 44-21, and 44-25), and the Clerk of Court shall substitute the unredacted versions on the public record.

**SO ORDERED:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J