IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN JOSEPH KELLY, et al.,**  *Plaintiffs*  v.  **REALPAGE, INC. d/b/a On-Site, et al.,**  *Defendants* | Case No. 2:19-cv-01706-JDW |

## ORDER

AND NOW, this 16th day of September, 2020, upon consideration of Defendants' Motion to File Under Seal (ECF No. 52), the Court notes as follows:

1. The common law presumes that the public has a right of access to judicial materials (*see In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019));

2. To overcome the common law presumption, a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the material is the kind of information that courts will protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure (*see id.*);

3. Under Third Circuit law, a party seeking to file material under seal must make a specific showing, and "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient" (*In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001));

4. Defendants seek to file under seal materials (1) that discuss their policies and procedures in responding to consumer disputes or disclosure requests and (2) related to settlement negotiations (ECF No. 52);

5. Defendants have established a sufficient confidentiality interest in materials that discuss their policies and procedures for responding to consumer disputes or disclosure requests (ECF Nos. 53 at pp. 3-5, 13, 16-17 and 53-2) because they have demonstrated that the disclosure of such information could provide competitors with information about Defendants' business practices that the competitors could use to Defendants' detriment;

6. Although settlement negotiation information is of the kind courts routinely protect, defendants have not established that any harm will arise from the public disclosure of this information (ECF Nos. 53 at 2, 7-8, 21-22; 53-3 and 53-4);

7. Defendants' assertion that "the parties should be able to have settlement negotiations in confidence and without fear of disclosure" does not demonstrate with specificity a clearly defined and serious injury that will result from the disclosure of the requested information.

Therefore, for the foregoing reasons, it is **ORDERED** that Defendants' Motion to File Under Seal (ECF No. 52) is **GRANTED IN PART** and **DENIED IN PART**.

It is **FURTHER ORDERED** that Defendants' may file under seal Exhibit 2 (ECF No. 53-2) and a revised version of their Opposition to Plaintiffs' Motion for Class Certification (ECF No. 53), with the pages and lines redacted at pp. 3-5, 13, 16-17.

It is **FURTHER ORDERED** that Defendants shall supply to the Clerk of Court unredacted versions of Exhibits 3 and 4 (ECF Nos. 53-3, 53-4) and a version of their Opposition (ECF No. 53), with unredacted pages and lines at pp. 2, 7-8, and 21-22.

                    **SO ORDERED:**

                    */s/ Joshua D. Wolson*
                    JOSHUA D. WOLSON, J