**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KEVIN JOSEPH KELLY, et al.,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**REALPAGE, INC. d/b/a On-Site, et al.,**<br><br>*Defendants.* | Case No.  2:19-cv-01706-JDW |

## <u>MEMORANDUM</u>

Litigation is not a trial-and-error process. A party seeking relief from a court (or opposing it) must put its best foot forward. And sometimes, that best foot will not be good enough. But if parties could tailor a response to the court's analysis and seek a mulligan, then nothing would ever get done. Instead, courts would find themselves in an endless cycle of reconsideration motions. That need for finality is the reason that courts grant reconsideration motions sparingly, under very narrow circumstances.

When the Court denied Plaintiffs' class certification motion, it made a decision that defined the value of the case and had substantial consequences for both sides. *See* Fed. R. Civ. P. 23 Adv. Comm. Note (1998 amendments to Rule 23(f)); *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1708 (noting importance of class certification decision to plaintiffs and defendants). Recognizing that, the Court devoted substantial time and energy to evaluating the parties' submissions and analyzing the issues. Now, Plaintiffs want a do-over based on what they describe as new evidence. But none of the evidence they offer is new. It was not submitted to the Court before the Court decided

their class certification motion, but it could have been. And so Plaintiffs are stuck with the choices they made about what to provide the Court.

## I.    FACTUAL BACKGROUND

This case raises questions about whether Defendant RealPage Inc. and its subsidiary RP On-Site LLC violated the Fair Credit Reporting Act when they collected and disclosed inaccurate information about criminal histories and eviction proceedings. On December 18, 2020, the Court issued a Memorandum and Order denying Plaintiffs' Motion for class certification. As it pertains to this Motion, the Court ruled that Plaintiffs' proposed classes were not ascertainable because there was no administratively feasible way to determine whose file contains a public record at issue and therefore who falls within their proposed class definitions. (ECF No. 67 at 14-15.) The Court also determined that individual inquiries predominate over common issues, including whether a consumer's file contains a relevant public record and whether the consumer requested the disclosure of his or her entire file or just a report sent to a potential landlord. (*Id.* at 19-20.)

On December 30, 2020, Plaintiffs moved for reconsideration. They base their reconsideration motion on three pieces of evidence that they describe as "new." First, they submit pages 158-59 and Exhibit 26 from the deposition of Nancy Crouch Morlini, which occurred on February 12, 2020. Second, they submit excerpts of the deposition of Stephen Prosser, which occurred on November 6, 2020. Third, they submit a declaration of Jeffrey Pirrung dated December 22, 2020, explaining how a class administrator could analyze RealPage's records to determine electronically who is in

2

the class. Alternatively, Plaintiffs ask the Court for leave to file a new class certification motion.

The Court's Policies and Procedures do not permit replies to reconsideration motions unless the Court invites them. Because the outcome of this motion turns on whether the evidence is new, rather than the substance of Plaintiffs' arguments, the Court has not invited a response.

## II.    ANALYSIS

### A.    Reconsideration

A court may reconsider a prior ruling if the moving party shows (1) an intervening change in the controlling law, (2) the availability of new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Romero v. Allstate Ins. Co.*, 1 F. Supp.3d 319, 420 (E.D. Pa. 2014). Courts should only grant reconsideration "sparingly." *Id.* A motion for reconsideration may not be used to give a litigant a "second bite at the apple" on an argument on which it did not prevail the first time. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). "Whatever other circumstances may justify reconsideration, mere presentation of arguments or evidence *seriatim* does not." *Id*. For purposes of a reconsideration motion, the term "new evidence" does not refer to evidence that a party … submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Blystone v.* Horn, 664 F.3d 397, 415-16 (3d Cir. 2011.) Evidence that is not newly   discovered   cannot   provide   the   basis   for   a   successful   motion   for

reconsideration. *See id.* at 416 (citing *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Plaintiffs claim they have new evidence, but they do not.

Ms. Crouch's deposition took place months before Plaintiffs filed their class certification motion. Plaintiffs attached page 159 from her deposition transcript to their motion, but not page 158 or Exhibit 26. Plaintiffs rely on the additional parts of Ms. Crouch's deposition to establish the specific request that consumers made if they requested their file from RealPage via RealPage's website. The briefing on the class certification motion made clear that the nature of a consumer's request was a point of contention. Plaintiffs could have submitted this evidence during that briefing. They chose not to do so. They can't revisit that decision now.

Mr. Prosser's deposition occurred after the parties briefed class certification but before the Court ruled. Plaintiffs cite his testimony to establish that digital files can link a consumer's request for his file to RealPage's response. The parties disputed this issue during briefing on the class certification motion. No one submitted this evidence to the Court, so the Court did not have it at the time that it ruled. But that does not mean it was unavailable. Plaintiffs knew that the Court would be considering this issue. They could and should have sought to put the evidence in front of the Court before the Court ruled. They could have done so by filing a supplemental brief (or seeking leave to do so) or sending a letter to the Court explaining that they had new evidence. What they could not do was sit back and wait for the Court's ruling, only to ask the Court to engage in the same exercise again with a supplemented record. Because Plaintiffs had Mr. Prosser's deposition transcript before the Court ruled, it does not constitute new evidence for purposes of reconsideration.

4

Plaintiffs did not obtain Mr. Pirrung's declaration until after the Court ruled on class certification. But they offer no explanation for that timing. In the briefing on the class certification motion, the parties disputed whether someone would have to conduct a manual search to determine who was in each proposed class. There was nothing stopping Plaintiffs from obtaining a declaration from Mr. Pirrung then. But they didn't. Instead, they got Mr. Pirrung's declaration so that they could respond to the Court's ruling. But that's not how litigation works. Plaintiffs had a burden of proof, and the Court concluded they did not meet it. They do not get a chance to get additional evidence now to satisfy their burden. They had to do it the first time.

Plaintiffs also cite in their reconsideration motion to a statement in footnote 11 of their class certification brief in which they assert that identifying class members would be a "computer-aided administrative task." (ECF No. 44-1 at 11-12 n. 11.) There are two problems with that argument. First, Plaintiffs' bald assertion, without any explanation as to how they would conduct the computer-aided administrative task, did not satisfy their burden of proving that the class they proposed was ascertainable. Second, Plaintiffs made that argument only in a footnote. The Court's Policies and Procedure explain, "***The Court will not consider substantive arguments made in footnotes, nor will it deem those arguments preserved.***" Policies and Procedures of Hon. Joshua D. Wolson at § II.B.1 (p. 6) (available at http://www.paed.uscourts.gov/documents/procedures/wolpol.pdf) (emphasis in original). Even if the argument had been sufficient, the Court would not have considered it because Plaintiffs made it only in a footnote.

### B.      Leave To File New Class Certification Motion

On May 4, 2020, the Court entered an Amended Scheduling Order that provides, "Plaintiffs shall file their motion for class certification (including any expert reports in support of the motion) on or before July 10, 2020." (ECF No. 39.) Plaintiffs' request for leave to file a renewed class certification motion is, in effect, a motion for the Court to alter that scheduling order. When a party moves to alter a scheduling order, it has the burden to demonstrate "good cause" under Fed. R. Civ. P. 16(b)(4). *See Premier Comp Sols., LLC v. UPMC*, No. 19-cv-1838, --- F.3d ----, 2020 WL 4668235, at *2 (3d Cir. Aug. 12, 2020)). "'Good cause' . . . focuses on the diligence of the party seeking the modification of the scheduling order." *Price v. Trans Union, LLC*, 737 F. Supp.2d 276, 279 (E.D. Pa. 2010); Fed. R. Civ. P. 16 Adv. Comm. Note (1983). "Carelessness, or attorney error, which might constitute 'excusable neglect' under Rule 6(b), is insufficient to constitute 'good cause' under rule 16(b)." *Chancellor v. Pottsgrove School Dist.*, 501 F.Supp.2d 695, 701–702 (E.D. Pa. 2007).

Plaintiffs had or could have obtained all of the information on which they base their reconsideration motion before the Court ruled on class certification. They either did not submit it to the Court or did not collect it before the Court ruled. That does not demonstrate good cause under Rule 16. The purpose of scheduling orders is to keep cases moving forward, and that can only happen if the deadlines in the scheduling order have meaning. They would not have that meaning if parties could file renewed motions any time they thought of a way to address a court's decision.

## III.   CONCLUSION

When courts issue decision, there has to be some finality. That finality, in turn, will encourage parties to make the best record that they can. The Court does not know if its class certification decision would have been different if Plaintiffs had included this additional evidence, but it should not have to undertake the exercise anew. It will deny Plaintiffs' reconsideration motion. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON
United States District Judge

January 5, 2021

7