IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN JOSEPH KELLY, et al.,** *Plaintiffs* v. **REALPAGE, INC. d/b/a On-Site, et al.,** *Defendants* | Case No.  2:19-cv-01706-JDW |

## ORDER

AND NOW, this 25th day of February, 2021, upon consideration of Plaintiffs' Motion to File Under Seal (ECF No. 78), the Court notes as follows:

1. The common law presumes that the public has a right of access to judicial materials (*see In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019));

2. To overcome the common law presumption, a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the material is the kind of information that courts will protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure (*see id.*);

3. Under Third Circuit law, a party seeking to file material under seal must make a specific showing, and "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient" (*In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001));

4. Plaintiffs seek to file under seal Exhibits 2 (ECF No. 79-3), 10 (ECF No. 79-11), 11 (ECF No. 79-12), and 17 (ECF No. 79-18); as well as portions of Exhibits 8 (ECF No. 79-9), 18 (ECF No. 79-19), and 19 (ECF No. 79-20).

5.	Additionally, Plaintiffs seek to file under seal portions of the Memorandum of Law in Opposition to Motion for Partial Summary Judgement (ECF No. 79) and Combined Response to the Separate Statement of Undisputed Material Facts and Statement of Additional Material Facts in Opposition to the Motion (ECF No. 79-1.)

6.	Although Plaintiffs filed this Motion, it is Defendants whose interests are at stake and who previously established that they have a confidentially interest in the testimony filed in connection with Plaintiffs' Motion to Certify Class (ECF No. 44), material that this Court already ordered to be sealed (*see* ECF 49.)

7.	The materials contained in Exhibit 2, 10, 11, and 17 is that testimony, which this Court already ordered to be sealed (*see* ECF 49.)

8.	But neither the Defendants nor the Plaintiffs have established that they have a confidentiality interest in Exhibits 8, 18, and 19.

9.	Defendants have designated these exhibits as "Confidential." But this designation has no bearing on the Court's analysis. If parties could overcome a presumption of public access just by designating documents "confidential," the right of public access would be meaningless. Someone must make an actual showing before the Court will seal any particular document.

Therefore, for the foregoing reasons, it is **ORDERED** that Plaintiffs' Motion to File Under Seal (ECF No. 78) is **GRANTED IN PART** and **DENIED IN PART.**

It is **FURTHER ORDERED** that Plaintiffs may file under seal Exhibits 2, 10, 11, and 17 (ECF Nos. 79-3, 79-11, 79-12, and 79-18).

It is **FURTHER ORDERED** that Plaintiffs shall supply to the Clerk of Court unredacted versions of Exhibits 8, 18, 19 (ECF Nos. 79-9, 79-19, and 79-20), and the Clerk of Court shall substitute the unredacted versions on the public record.

It is **FURTHER ORDERED** that Plaintiffs may file redacted versions of their Memorandum of Law in Opposition to Motion for Partial Summary Judgement (ECF No. 79) and Statement of Facts (ECF No. 79-1) only to the extent that it references testimony previously sealed by this Court (*see* ECF No. 49.)

                                             **BY THE COURT:**

                                             */s/ Joshua D. Wolson*
                                             JOSHUA D. WOLSON, J.